# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., SAMUEL C. CLEMMONS, <br><br> Plaintiff, <br><br> v. <br><br> VAUGHAN REGIONAL MEDICAL CENTER, LLC; LIFEPOINT HOSPITALS, INC.; INTEGRITY EMERGENCY CARE, INC.; PHILLIP A. HICKS, M.D.; And SAI NAMBURU, M.D. <br><br> Defendants. | CIVIL ACTION NO. 2:14-cv-416-TFM-C |

## ORDER

Pending before the Court are the United States' (1) *Stipulation of Dismissal* (Doc. 46, filed 9/11/19), in which the United States and the Relator stipulate to dismissal with prejudice of all claims brought in this *qui tam* case against Defendants Integrity Emergency Care, Inc., and Phillip A. Hicks, M.D., pursuant to the terms of a settlement agreement executed on August 30, 2019, and (2) a *Stipulation of Dismissal* (Doc. 48, filed 9/24/19), in which the United States and the Relator stipulate to dismissal with prejudice of all claims brought in this case against Defendant Sai S. Namburu, M.D., pursuant to the terms of a separate settlement agreement executed on August 30, 2019.

The Plaintiffs have filed their stipulations under Federal Rule of Civil Procedure 41(a)(1)(A), which states, in relevant part, that the "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A). Here, the three defendants at issue have not filed an

answer or motion for summary judgment, or even appeared on the docket. Moreover, the United States and the Relator state that they have reached an agreement that fully settles the claims and issues between the parties, including any potential claims by Relator for a share of the settlement proceeds and payment of reasonable attorneys' fees and costs.

Rule 41(a)(2) provides that "an action may be dismissed at plaintiff's request … by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). The parties state that dismissal by stipulation is appropriate in this particular case because it does not fall under either specified situation in the False Claims Act which expressly require Court approval. *See* 31 U.S.C. §§ 3730(b)(1), (c)(2)(B). The Court agrees that the statute does not appear to require its approval where, as here, the United States has intervened and both the United States and the Relator support the settlement agreement reached with the defendants.

Although the Eleventh Circuit has construed Rule 41(a)(2) to permit the Court to dismiss claims against a particular defendant, it is less clear whether such dismissal is permitted under Rule 41(a)(1)(A) where, as here, the stipulation of dismissal does not involve <u>all</u> parties.[1] *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) (stating that, although dismissal of certain claims against a defendant is not permitted under Rule 41, the rule generally "allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *see also Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir.

---

[1] The Court notes that the United States has filed stipulations of dismissal as to all five (5) defendants. *See* Docs. 46, 48, 50. However, the stipulations were filed piecemeal, and the parties concede in their stipulation as to Defendants Vaughan Regional Medical Center, LLC., and LifePoint Health, Inc. (formerly LifePoint Hospitals, Inc.) (Doc. 50), that settlement negotiations are ongoing between the parties regarding payment of Relator's attorneys' fees, expenses, and costs. Accordingly, litigation as to those parties is not yet concluded and that stipulation is not being considered here.

1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)] . . . .").[2]

Nevertheless, whether viewed under Rule 41(a)(1)(A) or Rule 41(a)(2), this action is **DISMISSED WITH PREJUDICE** as to Integrity Emergency Care, Inc., Phillip A. Hicks, M.D., and Sai M. Namburu, M.D.  Consistent with the settlement agreements, this Court retains jurisdiction over any disputes that may arise regarding the parties' compliance with the agreements.

**DONE** and **ORDERED** this 8th day of October 2019.

                                              /s/ Terry F. Moorer
                                              TERRY F. MOORER
                                              UNITED STATES DISTRICT JUDGE

---

[2] *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).