# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., SAMUEL C. CLEMMONS, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. 2:14-cv-416-TFM-C |
| VAUGHAN REGIONAL MEDICAL CENTER, LLC, and LIFEPOINT HOSPITALS, INC., ) ) ) ) ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is a *Joint Stipulation of Dismissal* (Doc. 62, filed 1/13/20), in which the United States and the Relator, Samuel C. Clemmons, stipulate to dismissal with prejudice of all claims brought in this *qui tam* case against the two remaining defendants, Vaughan Regional Medical Center and LifePoint Hospitals, Inc. (now known as LifePoint Health, Inc.), pursuant to the terms of a settlement agreement executed on August 30, 2019. Doc. 50. The United States and Relator state that the parties have reached an agreement in full settlement of all claims, including Relator's claim for payment of reasonable expenses, attorney's fees and costs under 31 U.S.C. § 3730(d)(1).

The Plaintiffs have filed their stipulations under Federal Rules of Civil Procedure 41(a)(1) and 41(a)(2). Under Rule 41(a)(1)(A), a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A). Here, the defendants have not filed an answer or motion for summary judgment, or even appeared on the docket. Moreover, the United States and

the Relator state that they have reached an agreement that fully settles the claims and issues between the parties, including any potential claims by Relator for a share of the settlement proceeds and payment of reasonable attorneys' fees and costs.

Rule 41(a)(2) provides that "an action may be dismissed at plaintiff's request … by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). The False Claims Act does not appear to require the Court's approval of a settlement where, as here, the United States has intervened and both the United States and the Relator support the settlement agreement reached with the defendants. Thus, stipulation to dismissal appears appropriate. Nevertheless, there is no question that the Court may dismiss the action pursuant to Rule 41(a)(2).

Accordingly, this action is **DISMISSED WITH PREJUDICE** pursuant to Rule 41(a)(2) as to the remaining defendants pursuant to the terms of the settlement agreements. Consistent with the settlement agreements, this Court retains jurisdiction over any disputes that may arise regarding the parties' compliance with the agreements.

As this was the last remaining matter, the Clerk of Court is **DIRECTED** to close this case.

**DONE** and **ORDERED** this 14th day of January 2020.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE